IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANISUL ISLAM § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No: 4:25-cv-3912 |
| § | |
| CAPITAL ONE, N.A. § | |
| § | |
| Defendant. § | |

**DEFENDANT CAPITAL ONE, N.A.'S**
**NOTICE OF REMOVAL**

Notice is hereby given that, pursuant to 28 U.S.C. § 1332, 1441 and 1446, Defendant Capital One, N.A. ("Capital One") removes this action from the 333rd Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division, and as grounds for removal states as follows:

### I.   STATE COURT ACTION

1. On June 30, 2025, Plaintiff Anisul Islam ("Plaintiff") filed his Original Petition and Request for Discovery (the "Petition") in the 333rd Judicial District Court of Harris County, Texas, styled *Anisul Islam v. Capital One, N.A.*, Case 2025-45324 (the "State Court Action").

2. Plaintiff asserts claims relating to his Capital One savings account, alleging his account was subjected to three fraudulent transactions totaling $87,485.00. (Pet. at ¶¶ 5.1-5.11, **ex. D**.) Plaintiff claims he disputed the transactions with Capital One, but Capital One "denied the claims without providing any meaningful evidence or explanation." (*Id*. at ¶ 5.10.) Based on these allegations, Plaintiff asserts claims for breach of contract, negligence, conversion, and violations of the Texas Deceptive Trade Practices Act. (*Id*. at ¶¶ 6.1-9.3.) He seeks actual, economic, and punitive damages, pre- and post-judgment interest, attorneys' fees, and costs. (*Id*. at ¶ 12.1.)

## II.  PROCEDURAL REQUIREMENTS

3. This action is properly removed to this Court because the State Court Action is pending within this district and division. *See* 28 U.S.C. §§ 124(b)(4), 1441, 1446(a).

4. Removal is timely because it occurred within 30 days of Capital One's receipt of the Petition, through service or otherwise. *See* 28 U.S.C. § 1446(b).

5. Pursuant to 28 U.S.C. § 1446(a) and Southern District of Texas Local Rule 81, this Notice of Removal is accompanied by copies of the following:

> **Exhibit A**   Index of Matters Filed.
>
> **Exhibit B**   Civil Cover Sheet.
>
> **Exhibit C**   State Court Action Docket Sheet.
>
> **Exhibit D**   Plaintiff's Original Petition and Request for Discovery.
>
> **Exhibit E**   Citation (Issued).
>
> **Exhibit F**   Citation (Returned).
>
> **Exhibit G**   Defendant Capital One, N.A.'s Original Answer and Affirmative Defenses.
>
> **Exhibit H**   List of Counsel.

6. Pursuant to 28 U.S.C. § 1446(d) and concurrent with the filing of this Notice of Removal, Capital One is serving Plaintiff with a copy of this Notice of Removal and filing a copy of the Notice of Removal in the State Court Action.

## III.  DIVERSITY JURISDICTION

7. This Court has diversity jurisdiction because the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

A. **The parties are completely diverse.**

8. As a natural person, Plaintiff's citizenship is determined by where he is "domiciled, that is, where [he has] a fixed residence with the intent to remain there indefinitely." *Margetis v. Ray*, No. 3:08-cv-958, 2009 U.S. Dist. LEXIS 15613, at *7 (N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 555–56 (5th Cir. 1985)). Plaintiff resides in Harris County, Texas and, upon information and belief, intends to remain there. (Pet. at ¶ 2.1, **ex. D**.) Plaintiff is, therefore, a Texas citizen.

9. As a national banking association, Capital One's citizenship is determined solely by the location of its main office, as designated in its articles of association. *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006). Capital One's main office is in McLean, Virginia. Capital One is, therefore, a Virginia citizen.

B. **The amount in controversy exceeds $75,000.**

10. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum, removal is proper. *See White v. FCI USA, Inc.*, 319 F.3d 672, 675–76 (5th Cir. 2003). A defendant meets this burden if it is apparent from the petition's face that the claims are likely to exceed $75,000, or, alternatively, the defendant introduces evidence showing the amount in controversy more likely than not exceeds $75,000. *See St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 U.S. Dist. LEXIS 77124, at *4 (S.D. Tex. Aug. 27, 2009). The Court may also consider actual damages, exemplary damages, and attorneys' fees in determining this amount. *See White*, 319 F.3d at 675–76; *St. Paul Reins. Co.*, 134 F.3d at 1253 n.7.

11. Here, the amount in controversy exceeds $75,000 because Plaintiff demands at least $87,485.00 in actual damages (Pet. at ¶ 5.11, **ex. D**.) Plaintiff also seeks actual damages, punitive damages, and attorneys' fees. (*Id.* at ¶ 12.1.) The amount in controversy, therefore, exceeds $75,000, and the court may exercise diversity jurisdiction over this action.

## IV.    CONCLUSION

WHEREFORE, Capital One removes this action from the 333rd Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division, so that this Court may assume jurisdiction over the cause as provided by law.

Date: August 18, 2025

Respectfully submitted,

*/s/ Taylor D. Hennington*
Taylor D. Hennington
Texas Bar No. 24116508
SDTX Bar No. 3597797
taylor.hennington@troutman.com
TROUTMAN PEPPER LOCKE LLP
2200 Ross Avenue, Suite 2800
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

**ATTORNEYS FOR DEFENDANT
CAPITAL ONE, N.A.**

## CERTIFICATE OF SERVICE

I certify that on August 18, 2025, a true and correct copy of the foregoing document was delivered to the below counsel of record via CM/ECF and/or email.

Ernest Ntanda, Faryal Ayub
Ntanda Law Firm
5718 Westheimer Road, Suite 1000
Houston, Texas 77057
*Plaintiff's Counsel*

*/s/ Taylor D. Hennington*
Taylor D. Hennington